

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>JORGE FRAYRE,<br><br>         Defendant. | Case No.:  20cr3303-CAB<br><br>**ORDER ON MOTION FOR REDUCTION OF SENTENCE [DOC. NO. 59]** |

  Before the Court is the motion of defendant Jorge Frayre for reduction of his sentence based on the retroactive amendment to the United States Sentencing Guidelines that went into effect on November 1, 2023, providing for a 2-point downward adjustment for "zero-point offenders." [USSG § 4C1.1.] [Doc. No. 59.]

  The defendant was sentenced on August 23, 2021, on two counts of Importation of Methamphetamine and Heroin, in violation of 21 U.S.C. §§ 952, 960. [Doc. No. 58.]

  In calculating the defendant's guidelines at sentencing, the defendant's base offense level was determined to be 38 (75.3 kilograms of methamphetamine (actual)). [Doc. Nos. 45, 48.] The defendant received a 2-point upward adjustment for the importation of methamphetamine pursuant to USSG § 2D1.1(b)(5).  He received a 3-point downward adjustment for acceptance of responsibility, and he met the qualifications for a safety valve thereby receiving an additional 2-point downward adjustment.  His resulting total offense

level was calculated to be 35. His criminal history score was 0, placing him in Category I. [Doc. No. 39.] His guideline range was 168 to 210 months, prior to any further departures or variances.

The defendant was given a 4-point downward departure under the District's Early Disposition Program ("Fast Track") resulting in an adjusted offense level of 31 and a guideline range of 108 to 135 months. [Doc. No. 45.]

After considering the 3553(a) factors, the sentencing judge imposed a custodial sentence of 71 months per count to run concurrently. [Doc. No. 58.]

The defendant was a zero-point offender at the time of sentencing so the retroactive guideline amendment for zero-point offenders applies and affords him a 2-point downward adjustment. Applying that adjustment to the defendant's offense level, prior to the Fast Track departure, results in a total offense level of 33 and a guideline range of 135 to 168 months. The defendant was sentenced to 71 months, well below the revised range incorporating the adjustment. Therefore, he is not eligible for any further reduction based on the amendment. [USSG § 1B.1.10(b)(2)(A).]

Even if applied to his offense level after the Fast Track departure, his adjusted offense level is 29 and guideline range of 87 to 108 months, still greater than his actual sentence. In this case, the guideline amendment does not impact the defendant's sentence.

The defendant's motion to reduce his sentence based on the retroactive amendment for zero-point offenders is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: August 13, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge